IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD PATTERSON, | Cause No. CV 23-84-BLG-DWM |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

This matter is before the Court on a petition for habeas corpus relief filed by

pro se petitioner Richard Patterson ("Patterson"). (Doc. 1.) Patterson was initially

directed to show cause by Judge Susan P. Watters as to why this matter should not

be dismissed as time-barred and procedurally defaulted. (Doc. 5.) Patterson

timely responded. (Doc. 7.) The State of Montana was directed to file certain

documents from Patterson's state records. (Doc. 9.) This matter was then

reassigned to the undersigned. (Doc. 20.)

On October 18, 2024, the State was directed to file an answer. (Doc. 22.)

Patterson subsequently filed a motion to compel, requesting that the State be

ordered to answer the claims in his petition. (Doc. 23.) Because Patterson is

presently incarcerated in Arizona, it appears that he was unaware that the State had

been directed to file an answer prior to filing his motion to compel.  Accordingly,
the motion will be denied as moot.

The State now seeks additional time to respond to Patterson's petition.
(Doc. 25.)  Counsel explains she has other briefs due to the Montana Supreme
Court and is presently working on compiling all information necessary to prepare
the State's response.  (*Id.* at 2.)  This is the first motion for an extension of time.
The request is reasonable and will be granted.

Based on the foregoing, the Court enters the following:

### ORDER

1.   Patterson's motion to compel (Doc. 23) is DENIED as moot.

2.   The State's motion for extension of time (Doc. 25) is GRANTED.  The
State shall file its answer to Patterson's petition on or before **January 17, 2025**.

3.   Within 28 days of the State's filing of the answer, Patterson may file a
reply.  A reply is not required for the purpose of preserving Patterson's objection to
denial of any claim.  If Patterson chooses to file a reply, the reply may include
factual or procedural history but must succinctly set forth the Patterson's
opposition to the State's procedural defenses and arguments on the merits of each
claim.

4.   If the State files a motion, Patterson may respond to it within 28 days
after its service.  Patterson's brief in response to any motion must be limited to 20

2

pages, excluding exhibits.  The State may file a reply in support of any motion within 14 days after filing of the response in accordance with D. Mont. L. R. 7.1. Unless the Court orders otherwise, no further briefing will be permitted.

5.  Regardless of whether Patterson files a reply, if Patterson has reason to believe the State's exhibits are not correct copies from the state-court record, he must, within 28 days of the State's service of the exhibits, state his reasons for denying their correctness.  See Rule 7(c), § 2254 Rules.

6.  After a reply has been filed or the deadline for filing has expired, the Court will review the pleadings, and another order will be issued.  If the Court finds that no factual development and no additional briefing are required, a final ruling may be issued on any or all claims for relief.

Patterson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of this case without notice to him.

DATED this _____ day of December, 2024.

_____
Donald W. Molloy, District Judge
United States District Court